*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SHOOK/SMITH, Minors.

UNPUBLISHED
September 15, 2022

No. 358287
Gladwin Circuit Court
Family Division
LC No. 19-000094-NA

Before: M. J. KELLY, P.J., and CAMERON and HOOD, JJ.

PER CURIAM.

Respondent-mother appeals as of right the order terminating her parental rights to DRS and DMS (collectively, "the children") under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if returned to parent).[1]  We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arose in December 2019 after DRS found respondent-mother unresponsive in their home from a drug overdose.  DRS called emergency services and respondent-mother was taken to the hospital.  DRS and DMS were placed in foster care.

After the trial court took jurisdiction over the children, respondent-mother was ordered to participate in a number of services, including substance abuse therapy and drug screening. Although she participated in individual and family therapy, respondent-mother did not complete any of the substance abuse services.  She attended almost every parenting time visit with the children, but workers became concerned that during some of the visits she was under the influence of illegal substances and was inappropriate toward the children.

When it became clear respondent-mother was not progressing in her treatment plan, the trial court authorized the Department of Health and Human Services (DHHS) to file a petition to

---

[1] DRS's father was a respondent in this case, but he is not a party to this appeal.  DMS's father was also a respondent, but he died during the pendency of this case.

terminate respondent-mother's parental rights to the children. As noted, the trial court found statutory grounds to terminate respondent-mother's parental rights and that termination was in the children's best interests. This appeal followed.

## II. ANALYSIS

According to respondent-mother the trial court "commit[ted] error" when it terminated her parental rights. It is difficult to discern the exact nature of this argument because respondent-mother's explanation was extremely limited.[2] Respondent-mother's argument appears to challenge: (1) the reasonable efforts made by DHHS to reunite the family; (2) the finding that statutory grounds existed to terminate respondent-mother's parental rights; or (3) the finding that termination was in the children's best interest. While we consider each argument, we disagree that any of these arguments warrants our reversal.

### A. STANDARD OF REVIEW

This Court reviews for clear error a trial court's decision regarding reasonable efforts at reunification. *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021). Likewise, "[t]he clear error standard controls our review of both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009) (quotation marks and citation omitted); MCR 3.997(K). A clear error occurs when this Court "is left with the definite and firm conviction that a mistake has been made." *In re Williams*, 286 Mich App at 271 (quotation marks and citations omitted). We defer to "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). "The interpretation and application of statutes and court rules are . . . reviewed de novo." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

### B. REASONABLE EFFORTS

Generally speaking, DHHS "has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017), citing MCL 712A.18f(3)(b) and (c), and MCL 712A.19a(2). This means

---

[2] Respondent-mother's argument in its entirety is:

> In this matter [respondent-mother] testified at the Termination Hearing and very clearly and succinctly testified as to the love and affection she has for [DMS] and [DRS]. She also indicated that she would be a good mother to [DMS] and [DRS] if she had been given a chance to demonstrate that she would be a good mother. Further, she testified that she has a suitable [h]ome for the boys.

> It is the position of respondent[-]mother that she was not given sufficient opportunity to correct the deficiencies and behavior she could correct the deficiencies within a short period of time.

DHHS "must create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *Id*. at 85-86. "While [DHHS] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

Respondent-mother's argument on appeal suggests that she was not given adequate opportunity to address her barriers to reunification. We disagree. Over the course of almost 20 months, DHHS offered respondent-mother a number of services to address her substance abuse issues, including substance abuse therapy and drug screening. Respondent-mother did not complete substance abuse therapy and she missed almost all required drug screens. Her completed drug screens were sometimes positive for illegal substances. This is not a case where DHHS failed to offer appropriate services; it is instead a case where appropriate services were offered, but respondent-mother failed to benefit from them. *In re Frey*, 297 Mich App at 248.

## C. STATUTORY GROUNDS

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App at 32. The trial court found statutory grounds to terminate respondent-mother's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j).

MCL 712A.19b(3)(c)(*i*) states, in part:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence . . .

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds . . .

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Again, respondent-mother's substance abuse led to the adjudication in this case. Respondent-mother's substance abuse persisted throughout this case, including the time period just before the termination hearing. She never completed substance abuse therapy and she continued using drugs throughout this case. She was suspected of being under the influence during a parenting time visit with the children. The trial court did not err in finding statutory grounds under MCL 712A.19b(3)(c)(*i*) because the evidence demonstrated the conditions leading to adjudication continued, and it was unlikely that respondent-mother would take steps to remediate her substance abuse issues in a reasonable time. Because we conclude termination was proper under MCL 712A.19b(3)(c)(*i*), we need not consider the other two grounds for termination. *In re Ellis*, 294 Mich App at 32.

D.  BEST INTERESTS

"Once a statutory basis for termination has been shown by clear and convincing evidence, the court must determine whether termination is in the child's best interests." *In re LaFrance*, 306 Mich App 713, 732-733; 858 NW2d 143 (2014).  " 'The focus at the best-interest stage has always been on the child, not the parent.' " *In re Payne/Pumphrey/Fortson Minors*, 311 Mich App 49, 63; 874 NW2d 205 (2015) (brackets omitted), quoting *In re Moss*, 301 Mich App at 87.  "Best interests are determined on the basis of the preponderance of the evidence." *In re LaFrance*, 306 Mich App at 733.  At this phase in the proceedings, the trial court should consider:

> [T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, [] the advantages of a foster home over the parent's home . . . the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan.  [*In re Payne/Pumphrey/Fortson Minors*, 311 Mich App at 63-64 (quotation marks and citations omitted).]

"In assessing whether termination of parental rights is in a child's best interests, the trial court should weigh all evidence available to it." *Id*. at 63.

Respondent-mother appears to argue termination was not in the children's best interests because she loved the children and she was a "good mother."  She also notes she had a home that was "suitable" for the children.  Respondent-mother demonstrated care and concern for the children as evidenced by her consistent attendance at the parenting time visits.  However, the children also expressed concern that respondent-mother was inappropriate toward them and that she was under the influence during some of their interactions with her.   The children were in a stable home where they participated in sports and other extra-curricular activities.  The lawyer-guardian ad litem reported the children wanted to remain with their foster parents and their foster parents voiced a desire to adopt them.  On balance, the record supports the trial court's finding that termination was in the children's best interests.

Affirmed.

/s/ Michael J. Kelly
/s/ Thomas C. Cameron
/s/ Noah P. Hood